[S. F. No. 14055. In Bank.—June 15, 1931.]

CHAS. H. GILDERSLEEVE et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and GILMAN F. O'NEILL, Respondents.

R. P. Wisecarver for Petitioners.

G. C. Faulkner, Edward O. Allen and Wallace Rutherford for Respondents.

THE COURT.—In this case a rehearing was granted to give further consideration to the question whether there had been a valid tender of medical aid to the employee. We are, however, satisfied with our former conclusion, and we adopt and quote from the opinion originally rendered as follows:

"This is a petition by an employer and his insurance carrier to review an award of the Industrial Accident Commission.

"The respondent O'Neill was employed by petitioner Gildersleeve as a laborer, and while so employed suffered a fractured spine. He received some medical treatment at the camp where he worked, and later was removed by his relatives to Napa. He placed his case in the hands of chiropractors, and received chiropractic treatment at the home of a private nurse. His recovery was only partial.

"Petitioners, the employer and his insurance carrier, instituted proceedings to be relieved of liability for medical expense under the Workmen's Compensation Act, section 9(a), claiming that the employee had refused to accept a tender of medical and surgical treatment. The Commission found this to be the fact, and made an order absolving petitioners from such liability. A writ of review having been obtained, the District Court of Appeal reversed the order, holding that from the record it appeared that 'no tender of medical or surgical treatment was ever made by either the employer or insurance carrier'. (O'Neill v. Industrial Acc. Com., 91 Cal. App. 121 [266 Pac. 866].) New proceedings were then instituted by petitioners before the Commission, and new testimony was taken on this issue. The Commission concluded that the new evidence did not meet the conditions of a sufficient tender laid down in the opinion of the District Court of Appeal, and therefore made an order granting reimbursement to the employee for hospital and nursing expense. The cost of the chiropractic treatments was not included in the award on the ground that they were not proper treatment for the injury. Peti-

tioners then sought a new writ from the District Court of Appeal, which was denied without opinion. Whereupon a hearing in this court was had.

"The holding of the District Court of Appeal was upon the ground that although the record showed some offers of medical attention made to the relatives of the employee, no offer was made to him personally. Petitioners contend that the evidence taken at the second proceeding before the Commission established a tender to the employee and a rejection thereof by him."

█ In the petition for rehearing, it was urged that a later tender met all of the requirements laid down by the District Court of Appeal. This offer, it appears, was made orally at a formal hearing before the Commission on October 13, 1927, and confirmed by a letter dated October 18, 1927, addressed to counsel for the injured employee. The letter reads, in part, as follows: "Referring to the proceedings now pending before the Industrial Accident Commission, we understand that Dr. S. J. Hunkin, whose services we offered during the hearing, is in Europe. We are therefore listing a panel of three other surgeons in accordance with the Workmen's Compensation and Safety Act, one of which the injured may select in the event that it is found reasonable by the Industrial Accident Commission that applicant should be sent to San Francisco for medical and hospital treatment. . . ." The Commission was apparently of the opinion that this tender was unsatisfactory for the reasons first, that it was not directed to the employee himself, and second, that it was made contingent upon a determination by the Commission in the employee's favor. We think this last point is sound. The tender must be unequivocal; it must be an offer which the employee could and should accept, when made. The particular tender relied upon is really not a tender at all, but a promise to make a tender if and when the Commission decides in favor of the employee. If he had accepted it when it was made, he would not have received medical treatment at all, but would have been forced to await the termination of the proceedings before the Commission. Under these circumstances the Commission concluded that the failure to accept this tender was not unreasonable, and we are satisfied that this conclusion finds support in the record.

The award is affirmed.