No. 81-20

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

GRACE BYRD,

Plaintiff and Respondent,

-vs-

GARRY V. BENNETT, ROBERT L. WHITE
and AMERICAN TITLE & ESCROW OF BILLINGS,
a Mont. corp.,

Defendants and ~~Respondents~~ Appellants.

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, The Honorable
Charles Luedke, Judge presiding.

Counsel of Record:

For Appellant:

Stacey & Jarussi, Billings, Montana

For Respondents:

Allen Beck, Billings, Montana

Submitted on Briefs: June 4, 1981

Decided: July 9, 1981

Filed: JUL 9 - 1981

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendants Garry V. Bennett, Robert L. White and American Title & Escrow of Billings appeal from the summary judgment granted to plaintiff Grace Byrd in the Thirteenth Judicial District Court, Yellowstone County. Defendants contend the court erred by granting summary judgment, arguing the record fails to support plaintiff's motion for summary judgment. We affirm the judgment of the District Court.

In recent opinions, this Court explained the purpose of summary judgment under Rule 56, M.R.Civ.P., and we outlined the proper procedure for entry of summary judgment. See, Anaconda Co. v. General Acc. Fire & Life (1980), ___ Mont. ____, 616 P.2d 363, 37 St.Rep. 1589; Reaves v. Reinbold (1980), ___ Mont. ___, 615 P.2d 896, 37 St.Rep. 1500. Under Rule 56(c), M.R.Civ.P., summary judgment shall be entered if ". . . the pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled tc a judgment as a matter of law." The purpose of summary judgment is to encourage economy through the elimination of unnecessary trial, delay and expense, but the procedure is never to be a substitute for a trial if a material factual controversy exists. Engebretson v. Putnam (1977), 174 Mont. 409, 571 P.2d 368. In a summary judgment proceeding, the formal issues presented by the pleadings are not controlling. The question to be decided in a motion for summary judgment is whether there exists a genuine dispute over material facts. The party moving for summary judgment has the burden of showing the complete absence of material factual questions.

The proof proffered by the movant is closely scrutinized. The party opposing the motion may block summary judgment by offering proof that a dispute exists regarding facts material to the claim for relief.

In this case, the affidavits and copies of the parties' agreement show no material questions of fact remaining to be determined at trial. The pleadings and other materials in the record indicate that plaintiff Grace Byrd was entitled to a judgment as a matter of law.

The District Court record indicates that this dispute springs from plaintiff's sale of her home and an adjacent lot to defendant Garry Bennett and his partner Charles Robbins. Bennett and Robbins formed a partnership for the purpose of developing the Bunting Subdivision, including a 40-unit low income housing project in Billings. In order to complete the housing project, the partners were required to purchase the lot next to Byrd's home. At first, Byrd was reluctant to sell the lot because it acted as a buffer between her home and the project. Byrd agreed to sell, however, after the partners offered to purchase her home as well as the lot. Byrd was paid $1,000 as a downpayment and was promised the balance of the $37,000 purchase price upon the completion of the project and its final closing and transfer to the Billings Housing Authority. In addition to their buy-sell agreement, Byrd agreed to subordinate her interest in the lot transferred to the interest of the bank financing the construction of the project.

The project was completed, final closing occurred and the deed transferring Byrd's interest in her home and the lot was recorded by the title company. Byrd, however, never

received the additional $36,000 due her under the agreement. Byrd brought this lawsuit to compel defendants to honor the agreement, or in the alternative, to rescind the agreement. She moved the District Court to grant summary judgment in her favor on the ground that defendants had no legal defense to her claim. She supported her motion with copies of the parties' agreement, her own affidavit and an affidavit of the partner, Robbins. The affidavits indicate that the project has been constructed and closed, that Byrd has not received payment under the agreement and that the proceeds received in the closing of the project are held in escrow by the bank that financed the project, available for release to construction creditors.

Defendant Bennett attempted to block plaintiff's summary judgment motion by alleging in an affidavit that, under the terms of the subordination agreement, plaintiff had agreed not to pursue her claim as long as Bennett was indebted to the bank. Defendant also contended that a fact question remained unsettled regarding payment of advance construction costs incurred to build the project.

Notwithstanding defendants' allegation, the District Court granted summary judgment for money damages to Byrd. We find no error. The defendants' proffered fact question is not a material fact or issue between the parties. The subordination agreement here, by its terms, gives the bank that financed the housing project, a first mortgage position and subordinates Byrd's claim to the lot she sold to the bank's claim in the project. Further, the affidavit offered by Robbins advised the court that ample funds were available to pay Byrd and other construction creditors. Alleged partnership losses from the construction of the housing project are

not a bar under the subordination agreement to a claim by Byrd for payment when payment is due. The buy-sell agreement provided that Byrd was to be paid on the closing date of the project.

The court was correct in its grant of a money judgment to Byrd in the amount owed under the parties' agreement, plus costs and interest. The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-