No. 82-404

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

———————————

KATHERINE J. DARRAH,

Plaintiff and Appellant,

vs.

MILBANK MUTUAL INSURANCE CO.,
a foreign corporation,

Defendant and Respondent.

———————————

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Tipp, Hoven, Skjelset & Frizzell, Missoula, Montana
Douglas G. Skjelset, Missoula, Montana

For Respondent:

Garlington, Lohn & Robinson, Missoula, Montana
Paul C. Meismer, Missoula, Montana

———————————

Submitted on briefs: January 7, 1983

Decided: February 3, 1983

Filed: FEB 3 - 1983

Edwin M. Harrison

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This appeal stems from a summary judgment, in favor of the respondent Milbank Mutual Insurance Company, denying appellant a $10,000 accidental death benefit. The District Court of the Fourth Judicial District, Missoula County, found that the appellant had not purchased the accidental death benefit coverage.

Appellant is the widow of Richard D. Darrah who was killed in an automobile accident on February 24, 1979. At the time of that accident the decedent was the holder of an automobile insurance policy issued by the respondent.

Part III of decedent's policy provides for a $10,000 accidental death benefit. The respondent refused to pay on the grounds that this was additional coverage and was not paid for. However, in opposition to the position taken by the company there is an affidavit in the record by Mrs. Darrah stating that the insurance agent who sold them the policy told the Darrahs that they would be covered by the $10,000 accidental death benefit.

Part I of the decedent's policy also contains a death benefit of $1,000, which the respondent admits liability on.

Several issues are raised on appeal by the parties:

1. Whether the trial court erred in granting summary judgment for the respondent in light of the evidence in the record?

2. Whether the District Court erred by granting summary judgment thereby revising or disregarding the written policy without fraud or mutual mistake being shown and without determining intent of the parties?

3. Whether it was error to grant summary judgment because the insurance company is estopped from denying the policy affords the death and disability coverage when the insured was honestly led to believe that said coverage was afforded?

In cases involving summary judgment the pre-trial record must be looked at to determine whether there are any genuine issues of

material fact, 56(c) M.R.Civ.P., Flemmer v. Ming (1980), 621 P.2d 1035, 37 St.Rep. 1916, because summary judgment is only proper under Rule 56(c), M.R.Civ.P., where the record discloses no such issues exist and the moving party is entitled to judgment as a matter of law. Reaves v. Reinbold (1980), 615 P.2d 896, 898, 37 St.Rep. 1500, (and cases cited therein). As the purpose of the proceeding is to determine whether there are any material issues of fact involved, it should be remembered that the formal issues presented by the pleadings are not controlling. Byrd v. Bennett (1981), 631 P.2d 695, 38 St.Rep. 1083.

The moving party in a summary judgment action has the burden of showing the complete absence of material issues of fact. Byrd v. Bennett (1981), 631 P.2d at 696; Cereck v. Albertson's Inc. (1981), 637 P.2d 509, 511, 38 St.Rep. 1986, (and cases cited therein); Rumph v. Dale Edwards, Inc. (1979), 600 P.2d 163, 36 St.Rep. 1022.

In the case at hand, Milbank Mutual Insurance Company was the moving party. They have not met their burden of showing a complete absence of material issues of fact. This is evidenced by the pre-trial record. The policy itself is not clear on the question of whether the death benefit in Part III is supplemental coverage, for which an additional premium must be paid.

The premium notices in the record are also unclear as to exactly what the coverages are. This is due to the fact that these notices are printed in such a fashion that the insured would have to have knowledge of the system of abbreviations used by the company to determine what type of coverage they had by looking at the notices. No where in this pre-trial record can we find that the insured was made aware of what the abbreviations used on the premium notices meant, nor are they plain in and of themselves.

The company has also introduced into the record a copy of a document called the "Home Office Daily Report," and claims that it clarifies the coverage provided to the appellant and her late

husband. However, they fail to show that the plaintiff or her husband ever had any contact with or were aware of this document's contents. Further, plaintiff, in her answers to defendant's request for admission number two and interrogatory number two, states that she has never had any contact with the "Home Office Daily Report."

Finally, it should be noted that a third document on which the respondent relies in this case, to prove lack of material factual issues concerning what coverage was afforded to the Darrahs, is the "Declarations Page" of the insurance policy. However, this document is absent from the record and therefore cannot be part of the basis for the District Court's granting or our upholding the summary judgment, although if it had been present, it may have been sufficient to support the granting of the summary judgment.

Based on the above facts and circumstances, there remain material issues of fact to be decided in this case and therefore the District Court was in error in granting summary judgment. As this holding is dispositive of this case, we need not address the other issues raised by the parties at this time.

The summary judgment is vacated and the case is remanded for further proceedings.

_____
Justice

We concur:

_____

_____

_____

_____
Justices