No. 82-375

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

THE STATE OF MONTANA, acting by and
through its Department of Highways,

                    Plaintiff and Respondent,

          vs.

MIDLAND MATERIALS CO.,

                    Defendant and Respondent,

          and

TIMOTHY E. WOOD,

                    Defendant and Appellant.

---

Appeal from:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone
              Honorable Diane Barz, Judge presiding.

Counsel of Record:

     For Appellant:

          Bruce E. Lee, Billings, Montana

     For Respondents:

          Crowley, Haughey, Hanson, Toole & Dietrich, Billings,
           Montana
          James R. Beck, Helena, Montana

---

                         Submitted on briefs: February 24, 1983

                              Decided:  May 12, 1983

Filed:    MAY 12 1983


_____
                              Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This case stems from an interpleader action brought by the Montana Highway Department to determine whether respondent, Midland Materials Co., or appellant, Tim Wood, was the "successor-in-interest" to Edith I. Walters, the former owner of property known as the "State Pit," under section 60-4-204, MCA. The District Court of the Thirteenth Judicial District, Yellowstone County, denied defendant Wood's motion for summary judgment and granted the summary judgment motion submitted by Midland Materials Co. From that judgment, Tim Wood appeals.

The parties stipulated the facts to be as follows:

"1. On December 30, 1954 Edith I. Walters conveyed by deed . . . to the State Highway Commission of Montana a tract of land in Yellowstone County, Montana (hereinafter 'State Pit').

"2. In 1974 Edith I. Walters conveyed by warranty deed . . . to M. G. Long property adjacent to and north and southwest of the 'State Pit', excepting the 'State Pit'. In 1975 M. G. Long conveyed the 'Midland' property to defendant Midland Materials Co. by warranty deed . . .

"3. On February 4, 1981 the Montana Department of Highways sent a letter to Edith Walters . . .

"4. On February 6, 1981 the Montana Department of Highways sent a letter to Midland Materials Co. . . .

"5. Sometime prior to June 25, 1981 the Montana Department of Highways published a Notice of Sale of the 'State Pit' property . . .

"6. On June 25, 1981 the Montana Department of Highways, acting pursuant to the authority granted by §§ 60-4-202 and 60-4-204, MCA, conducted a public auction at Billings, Montana of the 'State Pit' property. The bidding at said auction was opened by Mr. Joel Long of defendant Midland Materials Co. for $18,000.00. Defendant Timothy E. Wood then bid $18,100.00. After an unsuccessful call for higher bids the auctioneer concluded the sale at the $18,100.00 high bid. Mr. Joel Long then alleged to those present that they (Midland Materials Co.) were successors in interest to Edith I. Walters and would like to exercise their right to meet the high bid. Mr. Long was informed by a Highway Department representative to send his claim to the State by registered mail in prescribed form.

"7. On June 27, 1981 defendant Timothy E.
Wood obtained a quitclaim deed . . . of the
'State Pit' from Edith I. Walters whom he had
first met and contacted after the public auc-
tion and after he had talked with his attor-
ney, Jeff Essman, about Midland Materials
Co.'s claim to be the successor in interest.

"8. Both defendant Midland Materials Co. and
defendant Timothy E. Wood claim to be the suc-
cessor in interest of Edith I. Walters for the
purpose of § 60-4-204, MCA, and are both pre-
pared to pay the high bid price to the State
Highway Commission . . .

"9. The State of Montana, prior to the filing
of this suit, rejected the claim of Timothy E.
Wood by letter dated July 2, 1981."

Subsequent to the stipulation and after judgment was entered,
Midland Materials submitted a check to the State for the
full purchase price and a deed was mailed to them on August 25,
1982. The deed, although signed prior to August 25, was not
mailed until that date. On August 24, Tim Wood had obtained a
stay of execution but it was not served on appellants or the
State prior to the issuing of the deed. The deed was sub-
sequently recorded.

The issue presented is whether the District Court erred in
determining Midland Materials Co. to be the "successor-in-
interest" as that term is used in section 60-4-204, MCA?

As this case is an appeal from a summary judgment, we must
follow the rules as set out in Darrah v. Milbank Mutual Insurance
Company (1983), ___ ___ Mont. _ ___, 658 P.2d 374, 40 St.Rep. 117.
There we stated:

"In cases involving summary judgment the pre-
trial records must be looked at to determine
whether there are any genuine issues of
material fact, 56(c) M.R.Civ.P., Flemmer v.
Ming (1980), 621 P.2d 1038, 37 St.Rep. 1916,
because summary judgment is only proper under
Rule 56(c), M.R.Civ.P., where the record
discloses no such issues exist and the moving
party is entitled to judgment as a matter of
law. Reaves v. Reinbold (1980), 615 P.2d 896,
898, 37 St.Rep. 1500, (and cases cited
therein). As the purpose of the proceeding is
to determine whether there are any material
issues of fact involved, it should be remem-
bered that the formal issues presented by the
pleadings are not controlling. Byrd v.
Bennett (1981), 631 P.2d 695, 38 St.Rep. 1083.

"The moving party in a summary judgment action
has the burden of showing the complete absence

of material issues of fact. Byrd v. Bennett (1981), 631 P.2d at 696; Cereck v. Albertson's Inc. (1981), 637 P.2d 509, 511, 38 St.Rep. 1986, (and cases cited therein); Rumph v. Dale Edwards, Inc. (1979), 600 P.2d 163, 36 St.Rep. 1022." 658 P.2d at 375.

In this case, the absence of such issues has been shown, despite there being no prior interpretation of the term "successor-in-interest," contained in section 60-4-204, MCA, by this Court or the legislature, or any indication as to the legislative intent from the statute as a whole. Guidance in construing this term is provided by the interpretation of the Montana Highway Department, the agency charged with administering the statute. Montana Power Company v. Cremer (1979), 182 Mont. 277, 596 P.2d 483.

Section 60-1-102, MCA, the legislative policy and intent section of the Highway Code, placed a great deal of trust and authority in the hands of highway officials. The pertinent part of that section states:

> "Consistent with the foregoing determination and declarations, the legislature intends:
>
> "(1) to place a high degree of trust in the hands of those officials whose duty it is, within the limits of available funds, to plan, develop, operate, maintain, and protect the highway facilities of this state for present as well as for future use;
>
> ". . .
>
> "(4) to provide sufficiently broad authority to enable the highway officials at all levels of government to function adequately and efficiently in all areas of their respective responsibilities, subject to the limitations of the constitution and the legislative mandate hereinafter imposed." Section 60-1-102, MCA.

Under this authority the Highway Department in the past has interpreted the terms "successor-in-interest" to mean the adjacent landowner whose chain of title can be traced to the original owner of the entire tract. The District Court so found in its conclusion of law No. 7. After citing section 60-1-102, MCA, the legislative policy and intent section of the Highway Code, the case of Castles v. State ex rel. Montana Department of Highways

- 4 -

(1980), ____ Mont. ____, 609 P.2d 1223, 37 St.Rep. 234, and the stipulation entered into by all the parties, it stated:

> "All of these factors indicated that the agency interpretation of 60-4-204, MCA, by the Montana Department of Highways supports the conclusion that Midland Materials Co. is the 'successor in interest.'"

Under the case law, it is clear that, when faced with problems of statutory construction, the court must show deference and respect to the interpretations given the statute by the officers and agencies charged with administration. Montana Power Co. v. Environmental Protection Agency (9th Cir. 1979), 608 F.2d 334, 344, Department of Revenue v. Puget Sound Power and Light (1978), 179 Mont. 255, 587 P.2d 1282, Northern Cheyenne Tribe v. Hallowbreast (1976), 425 U.S. 649, 48 L.Ed.2d 274, 96 S.Ct. 1793.

"The persuasiveness of an administrative interpretation of a statute depends upon the thoroughness evident in its consideration, the validity of its reasoning and its consistency with earlier and later pronouncements of the same agency. [citation omitted]" Blackfeet Tribe of Indians v. State of Montana (D.Mont. 1981), 507 F.Supp. 446, 451 (see also, Montana Power Company v. Environmental Protection Agency, supra). In the case at bar, there is no substantial evidence to show that the interpretation of "successor-in-interest" made by the Highway Department has not been consistently applied over the years.

It should also be noted that the District Court found that the interpretation advanced by the appellant would lead to an absurd result if adopted. In conclusion of law No. 10 it stated:

> "In this case 'successor-in-interest' can only reasonably refer to the present owner of the adjacent property from which original tract of land the Montana Department of Highways acquired its portion or strip. Any other interpretation would be unreasonable as it would lead to parties without an interest in the adjacent land being allowed the advantage of being able to match the high bid at public auction by obtaining quitclaim deeds from original owners who no longer had any ownership interest."

This Court has previously held that when construing statutes, the interpretation should be reasonable to avoid such absurd results.

Montana Power Co. v. Cremer, supra (and cases cited therein).

For the foregoing reasons, we believe the District Court was correct in granting summary judgment.

Affirmed.

 

_____
      Justice

We concur:

_____
    Chief Justice

_____

_____
    Justices

- 6 -

Mr. Justice John C. Sheehy, dissenting:

I dissent from the foregoing opinion.

I would hold (1) the term "successor in interest" does not include a successor in title; (2) the appeal here is not moot by virtue of the delivery of a quitclaim deed by the Highway Department to Midland Materials Co.; (3) Timothy E. Wood, by virtue of the quitclaim deed which he received from the original grantor, Edith Walters, is merely a transferee, a successor in title, and not a "successor in interest"; and (4) the quitclaim deed to Midland Materials should be held null and void, set aside, and the Highway Department ordered to follow the proper statutory procedures if it intends to sell the land in question.

The majority errs in this case because it misinterprets the term "successor in interest" both on the facts here and the applicable law.

First let us determine what a "successor in interest" is. It certainly is not a successor in title. The two terms are not synomous.

> "In order to be a 'successor in interest,' a party must continue to retain the same rights as the original owner without a change in ownership. There must be a change in form only and not in substance. It does not include a transfer from one party to another . . .
>
> "The City endeavors to apply the terms 'successor in interest,' and 'successor in title' as having the same meaning, but cites no law to support this claim . . ." City of New York v. Turnpike Development Corporation (S.Ct. Kings Co. 1962), 36 Misc.2d 704, 233 N.Y.S.2d 887.

A successor in interest an owner of real property may be one who is substituted for the owner by operation of law, such as an heir, a personal representative, a trustee in bankruptcy, a purchaser at foreclosure, or any other change

-7-

which is in form only and not in substance. It cannot include a transferee by deed or assignment from the owner because such a transferee or assignee is a successor in title, and not a successor in interest.

Moreover, on the facts of this case, there can be no "successor in interest," because the original owner, Edith Walters, is at the time of these proceedings in existence and very much so. The State recognized that she was in existence by serving upon her a request for a waiver of her right as the original owner. The statute which applies says

> "The owner from whom the interest is originally acquired or his successor in interest shall have the option to purchase the interest by offering therefore an amount of money equal to the highest bid received for the interest at the sale . . ."

It can be discerned from the terms of the statute that an owner, and the owner's successor in interest, cannot coexist at the same time. If the owner exists, the successor does not. The successor in interest exists only if he is substituted in the place and stead of the original owner.

In this case the deed from Edith Walters to Malcolm Long specifically excepted the property known as the State Pit. Malcolm Long acquired no right, title or interest in the State Pit by virtue of his deed from Edith Walters and neither did Malcolm Long's transferee, Midland Materials Co.

The majority relies on the interpretation of the term "successor in interest" by the Highway Department. Where that interpretation, a matter of law, is manifestly wrong, we should not follow such interpretation when the effect is to muddle what otherwise should be clear law.

The same logic applies to the argument of Timothy Wood. He claims to be a successor in interest by virtue of a quitclaim deed obtained from Edith Walters after the

-8-

purported sale of the property had taken place. He did not thereby become a successor in interest, rather he became a successor in title. As a transferee, he is not a successor in interest. He can claim no right to meet the highest bid under section 60-4-204, MCA, as a mere transferee anymore than can Midland Materials Co. as a mere transferee.

Midland Materials Co. also contends in this case that the appeal of Timothy E. Wood is moot because a quitclaim deed has been delivered by the Highway Department to Midland. Under the facts of this case, however, the judgment is not moot. On August 24, 1982, the District Court, acting ex parte, as it may under Rule 7, M.R.App.Civ.P., issued a stay order with respect to its judgment. The judgment was to the effect that Midland, upon payment of the proper money to the Highway Department would obtain a deed to the State Pit. However the deed was not delivered by the Highway Department until after the date on which the District Court entered its supersedeas order. In that circumstance, the judgment is stayed and the issue is not moot for the purposes of Woods appeal. A deed takes effect only upon legal delivery. 23 Am.Jur.2d Deeds § 78. Here the delivery by the Highway Department, on August 25, 1982, was too late to avoid the effect of the supersedeas order of the District Court.

The situation before us therefore should be clear: Midland Materials Co. is not a successor in interest to Edith Walters. Timothy Wood is not a successor in interest to Edith Walters. Edith Walters is no longer an owner because she has quitclaimed any interest she had in the State Pit to Timothy Wood. It should be the object of the Highway Department in selling land which it does not need to obtain the greatest sum of money that the highest bidder would agree

to pay at a public auction. The actions of the Highway Department in this case have side-stepped that beneficial purpose. We should therefore order that the deed issued by the Highway Department in this case to Midland Materials Co. be declared null and void, and set aside, and the judgment reversed. If the Highway Department wishes in the future to sell the lands which would then have reverted to it, it must follow the statutory procedures, and be guided by our opinion in conducting the public auction.

John C. Shelby
Justice