MR. JUSTICE GULBRANDSON
delivered the opinion of the Court.
This case stems from an interpleader action brought by the Montana Highway Department to determine whether respondent, Midland Materials Co., or appellant, Tim Wood, was the “successor-in-interest” to Edith I. Walters, the former owner of property known as the “State Pit,” under section 60-4-204, MCA. The District Court of the Thirteenth Judicial District, Yellowstone County, denied defendant Wood’s motion for summary judgment and granted the summary judgment motion submitted by Midland Materials Co. From that judgment, Tim Wood appeals.
The parties stipulated the facts to be as follows:
“1. On December 30, 1954 Edith I. Walters conveyed by deed ... to the State Highway Commission of Montana a tract of land in Yellowstone County, Montana (hereinafter ‘State Pit’).
“2. In 1974 Edith I. Walters conveyed by warranty deed . . . to M. G. Long property adjacent to and north and southwest of the ‘State Pit’, excepting the ‘State Pit’. In 1975 M. G. Long conveyed the ‘Midland’ property to defendant Midland Materials Co. by warranty deed . . .
“3. On February 4, 1981 the Montana Department of Highways sent a letter to Edith Walters . . .
“4. On February 6, 1981 the Montana Department of Highways sent a letter to Midland Materials Co. . . .
“5. Sometime prior to June 25, 1981 the Montana Department of Highways published a Notice of Sale of the ‘State Pit’ property . . .
“6. On June 25, 1981 the Montana Department of Highways, acting pursuant to the authority granted by § §60-4-202 and 60-4-204, MCA, conducted a public auction at Billings, Montana of the ‘State Pit’ property. The bidding at *68 said auction was opened by Mr. Joel Long of defendant Midland Materials Co. for $18,000.00. Defendant Timothy E. Wood then bid $18,100.00. After an unsuccessful call for higher bids the auctioneer concluded the sale at the $18,100.00 high bid. Mr. Joel Long then alleged to those present that they (Midland Materials Co.) were successors in interest to Edith I. Walters and would like to exercise their right to meet the high bid. Mr. Long was informed by a Highway Department representative to send his claim to the State by registered mail in prescribed form.
“7. On June 27, 1981 defendant Timothy E. Wood obtained a quitclaim deed .. . of the ‘State Pit’ from Edith I. Walters whom he had first met and contacted after the public auction and after he had talked with his attorney, Jeff Essman, about Midland Materials Co.’s claim to be the successor in interest.
“8. Both defendant Midland Materials Co. and defendant Timothy E. Wood claim to be the successor in interest of Edith I. Walters for the purpose of §60-4-204, MCA, and are both prepared to pay the high bid price to the State Highway Commission . . .
“9. The State of Montana, prior to the filing of this suit, rejected the claim of Timothy E. Wood by letter dated July 2, 1981.”
Subsequent to the stipulation and after judgment was entered, Midland Materials submitted a check to the State for the full purchase price and a deed was mailed to them on August 25, 1982. The deed, although signed prior to August 25, was not mailed until that date. On August 24, Tim Wood had obtained a stay of execution but it was not served on appellants or the State prior to the issuing of the deed. The deed was subsequently recorded.
The issue presented is whether the District Court erred in determining Midland Materials Co. to be the “successor-in-interest” as that term is used in section 60-4-204, MCA?
As this case is an appeal from a summary judgment, we must follow the rules as set out in Darrah v. Milbank *69 Mutual Insurance Company (1983), 202 Mont. 323, 658 P.2d 374, 40 St.Rep. 117. There we stated:
“In cases involving summary judgment the pretrial records must be looked at to determine whether there are any genuine issues of material fact, 56(c) M.R.Civ.P., Flemmer v. Ming (1980), Mont., 621 P.2d 1038, 37 St.Rep. 1916, because summary judgment is only proper under Rule 56(c), M.R.Civ.P., where the record discloses no such issues exist and the moving party is entitled to judgment as a matter of law. Reaves v. Reinbold (1980), Mont., 615 P.2d 896, 898, 37 St.Rep. 1500, (and cases cited therein). As the purpose of the proceeding is to determine whether there are any material issues of fact involved, it should be remembered that the formal issues presented by the pleadings are not controlling. Byrd v. Bennett (1981), Mont., 631 P.2d 695, 38 St.Rep. 1083.
“The moving party in a summary judgment action has the burden of showing the complete absence of material issues of fact. Byrd v. Bennett (1981), Mont., 631 P.2d at 696; Cereck v. Albertson’s Inc. (1981), Mont., 637 P.2d 509, 511, 38 St.Rep. 1986, (and cases cited therein); Rumph v. Dale Edwards, Inc. (1979), 183 Mont. 359, 600 P.2d 163, 36 St.Rep. 1022.” 658 P.2d at 375.
In this case, the absence of such issues has been shown, despite there being no prior interpretation of the term “successor-in-interest,” contained in section 60-4-204, MCA, by this Court or the legislature, or any indication as to the legislative intent from the statute as a whole. Guidance in construing this term is provided by the interpretation of the Montana Highway Department, the agency charged with administering the statute. Montana Power Company v. Cremer (1979), 182 Mont. 277, 596 P.2d 483.
Section 60-1-102, MCA, the legislative policy and intent section of the Highway Code, placed a great deal of trust and authority in the hands of highway officials. The pertinent part of that section states:
“Consistent with the foregoing determination and declara *70 tions, the legislature intends:
“(1) to place a high degree of trust in the hands of those officials whose duty it is, within the limits of available funds, to plan, develop, operate, maintain, and protect the highway facilities of this state for present as well as for future use;
U
“(4) to provide sufficiently broad authority to enable the highway officials at all levels of government to function adequately and efficiently in all areas of their respective responsibilities, subject to the limitations of the constitution and the legislative mandate hereinafter imposed.” Section 60-1-102, MCA.
Under this authority the Highway Department in the past has interpreted the terms “successor-in-interest” to mean the adjacent landowner whose chain of title can be traced to the original owner of the entire tract. The District Court so found in its conclusion of law No. 7. After citing section 60-1-102, MCA, the legislative policy and intent section of the Highway Code, the case of Castles v. State ex rel. Montana Department of Highways (1980), Mont., 609 P.2d 1223, 37 St.Rep. 234, and the stipulation entered into by all the parties, it stated:
“All of these factors indicated that the agency interpretation of 60-4-204, MCA, by the Montana Department of Highways supports the conclusion that Midland Materials Co. is the ‘successor-in-interest.’ ”
Under the case law, it is clear that, when faced with problems of statutory construction, the court must show deference and respect to the interpretations given the statute by the officers and agencies charged with administration. Montana Power Co. v. Environmental Protection Agency (9th Cir.1979), 608 F.2d 334, 344, Department of Revenue v. Puget Sound Power and Light (1978), 179 Mont. 255, 587 P.2d 1282, Northern Cheyenne Tribe v. Hallowbreast (1976), 425 U.S. 649, 96 S.Ct. 1793, 48 L.Ed.2d 274.
*71 “The persuasiveness of an administrative interpretation of a statute depends upon the thoroughness evident in its consideration, the validity of its reasoning and its consistency with earlier and later pronouncements of the same agency, [citation omitted]” Blackfeet Tribe of Indians v. State of Montana (D.Mont.1981), 507 F.Supp. 446, 451 (see also, Montana Power Company v. Environmental Protection Agency, supra). In the case at bar, there is no substantial evidence to show that the interpretation of “successor-in-interest” made by the Highway Department has not been consistently applied over the years.
It should also be noted that the District Court found that the interpretation advanced by the appellant would lead to an absurd result if adopted. In conclusion of law No. 10 it stated:
“In this case ‘successor-in-interest’ can only reasonably refer to the present owner of the adjacent property from which original tract of land the Montana Department of Highways acquired its portion or strip. Any other interpretation would be unreasonable as it would lead to parties without an interest in the adjacent land being allowed the advantage of being able to match the high bid at public auction by obtaining quitclaim deeds from original owners who no longer had any ownership interest.”
This Court has previously held that when construing statutes, the interpretation should be reasonable to avoid such absurd results. Montana Power Co. v. Cremer, supra (and cases cited therein).
For the foregoing reasons, we believe the District Court was correct in granting summary judgment.
Affirmed.
MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON and WEBER concur.