This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                  **NO. 32,101**

**ARTHUR J. MONTAÑO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Arthur J. Montano (Defendant) appeals from the judgment and order partially suspending his sentence. [RP 137] In the docketing statement, Defendant raises two issues: (1) whether the district court erred in denying Defendant's motions for a directed verdict on Counts 1, 2, and 3; and (2) whether trial defense counsel was ineffective for failing to move to sever Count 3, driving while license suspended or revoked, from the other charges. [DS 4] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition to the calendar notice and a motion to amend the docketing statement. [MIO 1] After due consideration, however, we deny Defendant's motion to amend because, as we discuss below, the new issue is not viable on direct appeal, *see State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989) (issues sought to be presented must be viable), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). We affirm Defendant's convictions.

**DISCUSSION**

**Defendant's Motion for a Directed Verdict**

In the memorandum, Defendant first continues to challenge his conviction for driving on a suspended or revoked license. [MIO 6-7] Defendant relies on *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712

P.2d 1 (Ct. App. 1985), to support his contentions. [MIO 7] We are not persuaded, however, that the State failed to present sufficient evidence to support this conviction. The State introduced and the district court admitted—without objection—Motor Vehicle Department records reflecting that Defendant's license was revoked during the events at issue, Defendant admitted that he drove and parked his car on the date in issue, Defendant was arrested for reckless driving and aggravated DWI on the date in issue, and no evidence was presented that Defendant was unaware that his license was revoked. [MIO 7] For the reasons set forth in the calendar notice and this memorandum opinion, we affirm Defendant's conviction for driving on a suspended or revoked driver's license.

In the memorandum, Defendant also continues to challenge his convictions for aggravated DWI and reckless driving, contending that the State did not prove beyond a reasonable doubt that he was the person who drove his car from the bowling alley, ran a red light, and swerved into another lane of traffic. [MIO 7] As we discussed in the first calendar notice, at the jury trial the State presented the testimony of an officer who observed Defendant run a red light and swerve across the traffic lane in Las Cruces, New Mexico, on or about January 12, 2012. [DS 3] After engaging his emergency equipment, the officer pulled Defendant's car over several blocks later. [Id.] The officer testified that Defendant smelled of alcohol; he had red, blood-shot,

3

watery eyes, and his speech was slurred. [Id.] The officer asked Defendant to step out of the vehicle to perform field sobriety tests that Defendant could not safely perform. [Id.] Defendant was arrested and taken to the police department where he was read the New Mexico Implied Consent Act. [Id.] Defendant's breath alcohol test results indicated that Defendant had an alcohol concentration of .16 grams or more in two hundred ten liters of breath. [Id.] [*See* RP 95, showing the intoxilizer report admitted into evidence at trial]. We hold that the State presented substantial evidence to support Defendant's convictions for aggravated DWI and reckless driving.

In the memorandum, however, Defendant states that he testified to an entirely different course of events that do not support his conviction. [MIO 9-10] Defendant testified that he drank at the bowling alley and asked Officer Herrera for a ride home. [MIO 9] Defendant then stated that he vomited on Officer Herrera's shoes, which caused the officer to orchestrate Defendant's arrest for DWI. [Id.] Defendant stated that another officer actually drove Defendant's vehicle, ran the red light, and swerved into the other traffic lane. [Id.] After the stop, Officer Herrera put Defendant in the driver's seat and then aimed the camera at Defendant in the driver's seat to make it look like Defendant was the reckless, drunken driver. [MIO 9-10]

We note, however, that the jury as factfinder rejected Defendant's version of events, which it is entitled to do. *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M.

4

686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). As the reviewing court, we do not reweigh the evidence or substitute our judgment for that of the fact finder as long as there is sufficient evidence to support the verdict. *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

We affirm the district court's decision to deny Defendant's motion for a directed verdict, and we affirm Defendant's convictions.

**Ineffective Assistance of Counsel**

Defendant also contends that his trial counsel was ineffective for failing to move to sever Count 4—driving with a suspended or revoked license. [DS 4] In the motion to amend, Defendant further contends that his trial counsel was ineffective for not arguing that Officer Herrera's failure to obtain two consecutive breath test results violated Defendant's due process rights. [MIO 10-14]

We review claims of ineffective assistance of counsel de novo. *Duncan v. Kerby*, 115 N.M. 344, 347-48, 851 P.2d 466, 469-70 (1993). Under the Sixth Amendment, criminal defendants are entitled to "reasonably effective" assistance of

5

counsel. *State v. Schoonmaker*, 2008-NMSC-010, ¶ 29, 143 N.M. 373, 176 P.3d 1105. To state a claim for ineffective assistance of counsel, a defendant must establish that (1) counsel's performance was deficient, and (2) such deficiency resulted in prejudice against the defendant. *State v. Gonzales*, 2007-NMSC-059, ¶ 14, 143 N.M. 25, 172 P.3d 162. There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168. An appellate court will not second guess counsel's strategic judgment unless the conduct does not conform with "an objective standard of reasonableness." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 (internal quotation marks and citation omitted). Thus, any "sound" trial tactic or strategy withstands review. *See Hunter*, 2006-NMSC-043, ¶ 13 (stating that the defendant must overcome the presumption that the challenged action might be considered sound trial strategy).

In *State v. Gallegos*, our Supreme Court clarified that even though offenses are properly joined, a trial court abuses its discretion in failing to sever when there is prejudice to the accused. 2007-NMSC-007, ¶ 16, 141 N.M. 185, 152 P.3d 828; *see* Rule 5-203(A) and (C) NMRA (joinder and severance). Rule 5-203(C) does not come into play unless and until there is a proper joinder pursuant to Rule 5-203(A). *Gallegos*, 2007-NMSC-007, ¶ 16.

In this case, we hold that the State appropriately joined the driving while intoxicated charges (Count 1, aggravated DWI; Count 2, reckless driving; and Count 4, open container) with Count 3, driving on a revoked license, because all charges "are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan." Rule 5-203(A)(2). That is, all the charges relate to Defendant's conduct in driving a motor vehicle in Las Cruces, New Mexico, on January 12, 2011. Thus, we cannot say that trial counsel was ineffective on direct appeal for failing to move to sever the driving on a revoked license charge from the others. *See, e.g.*, *State v. Chandler*, 119 N.M. 727, 735, 895 P.2d 249, 257 (Ct. App. 1995) (stating that trial counsel is not ineffective for failure to make a motion that is not supported by the record), *modified on other grounds by State v. Vargas*, 2007-NMCA-006, 140 N.M. 864, 149 P.3d 961.

In the memorandum, Defendant points out that the State Laboratory Division regulations provide for the breath test operator to "make a good faith attempt to collect and analyze at least two samples of breath." [MIO 12-13] The admitted test showed one breath test, having a .21 result. [MIO 12] Trial defense counsel did not object to admission of the one test result, and Defendant contends he received ineffective assistance for the failure to do so. We are not persuaded that counsel was ineffective for failing to object to the admission of one test result. First, we can well imagine that

7

trial counsel decided not to object because the test result showed a level of intoxication well over the .16 limit for aggravated driving and trial counsel did not want to draw further attention to it. Second, as we discussed in Issue 1, Defendant's trial defense strategy did not concentrate on whether Defendant was intoxicated or the level of his intoxication, but on Defendant's assertions that officers orchestrated Defendant's arrest for reckless driving and aggravated DWI as pay back for Defendant asking for a ride and vomiting on the officer's shoes. [MIO 9-10] Defense trial decisions do not demonstrate ineffective assistance of counsel on direct appeal.

Further, while Defendant asserts that trial counsel was ineffective for not moving to sever the driving on a revoked license charge from the others and was ineffective for failing to object to admission of one rather than two breath test results, Defendant does not indicate how counsel's alleged failures prejudiced him or how the outcome of the trial would have been different. *See State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729 (stating that the burden of proving ineffective assistance of counsel is on the defendant); *see also State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (stating that to establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) Defendant suffered prejudice in that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different).

In this direct appeal, we affirm Defendant's convictions. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE, Judge**