This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO. 34,573

**GREGORY MITCHELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Defendant appeals from jury verdicts finding him guilty of DWI (8th offense), driving while license suspended or revoked, reckless driving, and open container. [RP

192–99] This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum opposing this Court's proposed disposition, and has moved to amend his docketing statement. Having given due consideration to Defendant's arguments in opposition, we affirm. Moreover, Defendant's motion to amend his docketing statement is **GRANTED**, and we remand to the district court for correction of the judgment and sentence.

**Motion to Amend the Docketing Statement**

{2}    Defendant moves to amend his docketing statement to include the issue that the judgment and sentence erroneously states that he was convicted of false imprisonment. [MIO 5; RP 304, 196] Upon review of the record, we agree with Defendant that the statement in the judgment and sentence "that the defendant is guilty of . . . Count 5: False Imprisonment, NMSA 1978[, § 30-4-3 (1963)], a fourth degree felony[,]" was a typographical error. [RP 304] We remand to the district court for correction of the judgment and sentence.

**Arraignment**

{3}    Defendant continues to argue that his rights to due process and fair trial were denied when he was not arraigned on the charge in the second superceding grand jury indictment within fifteen days of the indictment. [MIO 6; DS 11] In support of his continued contention, Defendant relies on *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712

P.2d 1. [MIO 6] Our notice observed that Defendant's challenge to the indictment was untimely, and that the proper avenue for Defendant to have raised a challenge with respect to the indictment was before trial, via an interlocutory appeal, as opposed to a direct appeal. [CN 3] Defendant acknowledges this in his memorandum in opposition. [MIO 6] As Defendant raises no new arguments, facts, or law in support of his continued contention, we affirm for the reasons set forth in our notice. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law.").

**Sufficiency of the Evidence**

{4}    Defendant continues to argue that insufficient evidence was presented to support any of his convictions, pursuant to *Franklin* and *Boyer*. [MIO 6] Our notice detailed the evidence presented in support of each of Defendant's convictions. [CN 3–10] In response, Defendant's memorandum in opposition asks this Court to reweigh the evidence presented [MIO 7] and re-evalutate the credibility of a witness, Mr. Coultas. [MIO 10] We decline Defendant's invitation to do so, as that would be contrary to the established principle that an appellate court does not reweigh the evidence or second-guess the jury's decision regarding the credibility of witnesses. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057; *see also State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (providing that

conflicts in the evidence, including conflicts in the testimony of witnesses, are to be resolved by the fact finder; stating that the fact finder is free to reject the defendant's version of events). Accordingly, for the reasons stated here and detailed in our notice, we conclude that there was sufficient evidence to uphold Defendant's convictions.

**Diminished Capacity**

{5}     Defendant continues to argue that the district court erred by refusing to instruct the jury on diminished capacity when there was evidence that Defendant's BAC was more than three times the legal limit. [MIO 10] In support of his continued contention, Defendant relies upon *Franklin* and *Boyer*. [MIO 10] Our notice observed that Defendant did not testify or present a defense, [RP 224] and the record proper did not contain any evidence showing that Defendant's intoxication rendered him incapable of acting with intent. [CN 11] In response, Defendant notes that testimony was presented from Dr. Hwang that his BAC "was sufficient to render a person comatose." [MIO 10] However, Defendant's memorandum in opposition does not provide that any information was presented specific to Defendant's inability to act intentionally, and further, does not specify which crime Defendant sought to receive a diminished capacity instruction on. *See State v. Romero*, 1998-NMCA-057, ¶ 26, 125 N.M. 161, 958 P.2d 119 (explaining that "mere evidence that the defendant consumed an intoxicant is not enough[,]" but  that evidence typically must come from "witnesses who observed the defendant's behavior and demeanor at or near the time of the

4

crime[,]" and "[f]rom this kind of evidence a lay jury can apply common knowledge and its own personal experience to assess the effects of intoxication on the defendant's ability to form the specific intent necessary for the crime charged"). We therefore affirm for the reasons stated here and in our notice.

**Ineffective Assistance of Counsel**

{6}     Defendant continues to argue that he received ineffective assistance of counsel. [MIO 12] Defendant continues to argue this pursuant to *Franklin* and *Boyer*. [MIO 13] Defendant acknowledges that the record on direct appeal does not contain sufficient information to address these claims on the merits. [MIO 13] As our notice observed, habeas proceedings are the preferred vehicle to raise claims of ineffective assistance of counsel where the record on direct appeal is inadequate for a full review. *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61; *see also State v. Samora*, 2013-NMSC-038, ¶ 23, 307 P.3d 328 ("Because we usually have insufficient information before us to evaluate an ineffective assistance claim on direct appeal, as in this case, this Court prefers that these claims be brought under habeas corpus proceedings so that the defendant may actually develop the record with respect to defense counsel's actions." (internal quotation marks and citation omitted)). We affirm for the reasons stated above and in our notice.

**Prosecutorial Misconduct**

5

**{7}** Defendant continues to argue that the district court erred by allowing the prosecutor, at the sentencing hearing, to compare Defendant's case to a murder case in which the defendant received a life sentence, and also allowing the prosecutor to use language throughout the trial that Defendant perceived to be prejudicial. [MIO 15; CN 14; DS 11–12] Our notice observed that first, no objection was made at sentencing, and second, Defendant failed to point this Court to any specific instances of highly prejudicial language. [CN 14–15] Defendant provides no new factual or legal arguments in response, and accordingly, we affirm. *See Sisneros*, 1982-NMSC-068, ¶ 7 ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law.").

**{8}** For the reasons stated above and in this Court's notice of proposed disposition, we affirm and remand to the district court for correction of the judgment and sentence.

**{9}** **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**J. MILES HANISEE, Judge**

6