No. 85-187

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

MUTUAL SERVICE CASUALTY INSURANCE
COMPANY,

        Plaintiff and Respondent,

   -vs-

TIMOTHY W. McGEHEE, also known as
TIMOTHY McGEHEE, also known as TIM
McGEHEE,

        Defendant,

and WALTER A. RAUKER,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Custer,
The Honorable A. B. Martin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Huntley & Eakin; Ira Eakin, (Rauker), Baker, Montana
        H.D. Buelow, Miles City, Montana

    For Respondent:

        Lucas & Monaghan; Thomas Monaghan, Miles City,
        Montana

_____

Submitted on Briefs: Oct. 10, 1985

Decided: December 31, 1985

Filed: DEC 31 1985

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Walter Rauker appeals a Custer County District Court order which granted summary judgment to respondent Mutual Service Casualty Insurance Company (Mutual Service) and ruled that Mutual Service's insurance policy with Tim McGehee did not provide coverage for McGehee's intentional assault of appellant Rauker. The issue on appeal is whether summary judgment was proper where the insurance policy did not cover injuries intended or expected from McGehee's standpoint and where McGehee intended to strike the victim but may not have subjectively intended the specific injuries. We affirm.

McGehee and appellant were both employed by an electrical contractor in Colstrip, Montana. McGehee was a superintendent and had some supervision of appellant. On November 11, 1982, both men were in a restaurant/bar near Colstrip. McGehee states that he took exception to a remark that appellant made that night. McGehee testified by deposition and admitted that he deliberately punched appellant twice in the face, that he wanted to hit appellant more, and that he waited outside the establishment for appellant but appellant did not show up. McGehee further stated that he did not intend to hurt appellant but only to "shut appellant up." Appellant was seated in a chair at the time of this attack and McGehee stated that appellant acted like he was going to start to get up and "I just didn't let him." McGehee's punches knocked appellant to the floor and broke appellant's left cheek bone in three places.

Appellant filed a criminal complaint and a civil action against McGehee. McGehee had an insurance policy with Mutual Service which stated, in relevant part:

> This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury . . . caused by an occurrence. This Company shall . . . defend any suit against the Insured seeking damages on account of such bodily injury . . .
>
> EXCLUSIONS
>
> This policy does not apply:
> . . . To bodily injury . . . which is either expected or intended from the standpoint of the Insured . . .

Mutual Service brought a declaratory judgment action in the Custer County District Court seeking rulings that it had no obligation to defend McGehee in appellant's civil action and that it had no obligation to pay any judgment entered against McGehee in appellant's action. Mutual Service moved for summary judgment on these two issues and the court granted summary judgment ruling that the exclusionary clause of the insurance policy eliminated coverage for McGehee's actions. Rauker appeals.

The standard of review is clear. Summary judgment is only proper under Rule 56(c), M.R.Civ.P., where the record discloses that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See, e.g., State Dept. of Highways v. Midland Materials (Mont. 1983), 662 P.2d 1322, 40 St.Rep. 666, quoting Darrah v. Milbank Mutual Insurance Co. (Mont. 1983), 658 P.2d 374, 40 St.Rep. 117.

The overwhelming majority of courts which have construed identical or similar insurance provisions have emphatically held that insurance coverage does not extend to situations such as this. A few of these cases are; Shelter Ins. Companies v. Smith (Ill. App. 1985), 479 N.E.2d 365; CNA Ins. Co. v. McGinnis (Ark. 1984), 666 S.W.2d 689; State Farm Fire and Cas. Co. v. Williams (Minn. 1984), 355 N.W.2d 421;

Transamerica Ins. Group v. Meere (Ariz. 1984), 694 P.2d 181; Quincy Mut. Fire Ins. Co. v. Abernathy (Mass. App. 1983), 455 N.E.2d 644; Guilbeau v. Roger (La. App. 1983), 443 So.2d 773; Smith v. Senst (Minn. 1981), 313 N.W.2d 202; Jones v. Norval (Neb. 1979), 279 N.W.2d 388; Pachucki v. Republic Ins. Co. (Wis. 1979), 278 N.W.2d 898; Hartford Fire Ins. Co. v. Spreen (Fla. App. 1977), 343 So.2d 649; Hins v. Heer (N.D. 1977), 259 N.W.2d 38; Butler v. Behaeghe (Colo. App. 1976), 548 P.2d 934; Home Insurance Company v. Neilsen (Ind. App. 1975), 332 N.E.2d 240; Oakes v. State Farm Fire & Casualty Company (N.J. App. 1975), 349 A.2d 102; Terito v. McAndrew (La. App. 1971), 246 So.2d 235. We agree with these courts. Under the undisputed facts of this case, Mutual Service was entitled to judgment as a matter of law. The undisputed facts show the following. McGehee admits that he intentionally struck appellant in the face. The blows broke appellant's cheek bone. McGehee's insurance policy with respondent does not provide coverage for bodily injuries intended or expected from McGehee's standpoint. We hold that the District Court properly granted summary judgment in Mutual Service's favor.

Appellant contends that there exists a factual question which precludes summary judgment; i.e. whether McGehee expected or intended that the victim receive the specific resulting injuries. We disagree. The Shelter Ins. Companies, Hins, Jones, Senst and Spreen cases (cited above) all involved one person punching another, resulting broken bones, and the aggressor claiming that he neither expected nor intended the specific injuries. All five cases involved insurance clauses similar to the one here and in each case the court held there was no insurance coverage. In Jones, the Nebraska Supreme Court quoted from

4

Clark v. Allstate Insurance Company, (Ariz. 1975), 529 P.2d 1195;

> "[T]he act of striking another in the face is one which we recognize as an act so certain to cause a particular kind of harm that we can say a person who performed the act intended the resulting harm, and his statement to the contrary does nothing to refute that rule of law."

Jones, 279 N.W.2d at 391, see also CNA Ins. Co. v. McGinnis (Ark. 1984), 666 S.W.2d at 691 (the Arkansas Supreme Court approvingly cites the same rule). We agree. Where, as here, an assailant aggressively and intentionally strikes another in the face, it is irrelevant for the purposes of this insurance exclusion that the assailant causes an injury different in character or magnitude from the harm he subjectively intended. See Transamerica Ins. Group v. Meere (Ariz. 1984), 694 P.2d at 185 ("It is, therefore, of no consequence that he may have intended a different or lesser injury. The exclusion applies whenever the insured intends to injure."); Oakes v. State Farm Fire and Casualty Company (N.J. App. 1975), 349 A.2d at 103 (". . . where the intentional act has resulted in intended injury, even where the injury inflicted is different or more severe than was intended, coverage should be denied."), citing Lyons v. Hartford Ins. Group (N.J. App. 1973), 310 A.2d 485; and Jones v. Norval (Neb. 1979), 279 N.W.2d at 392 (". . . it makes no difference if the actual injury is more severe or of a different nature than the injury intended."). Furthermore, this Court will not require the impossible of the insurer; that is, proving that McGehee specifically intended to break the victim's cheek bone in three places by striking him with his fist.

The courts also agree that to require coverage in a situation such as the one at bar, under similar insurance

policies, is a violation of public policy. The Arizona Supreme Court stated that a policy provision such as the one here, ". . . articulates a public policy which forbids contracts indemnifying a person against loss resulting from his own willful wrongdoing." Meere, 694 P.2d at 186. See also Spreen, 343 So.2d at 651 (". . . one ought not to be permitted to indemnify himself against his intentional [torts].") quoting Leatherby Insurance Co. v. Willoughby (Fla.App. 1975), 315 So.2d 553. Moreover, "'. . . if a single insured is allowed through intentional or reckless acts to consciously control risks covered by policy, the central concept of insurance is violated.'" Meere, 694 P.2d at 186, quoting 7A Appleman, Insurance Law and Practice, §4492.01 at 21 (1979).

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6

Mr. Justice William E. Hunt, Sr., dissenting:

I dissent and would reverse. Summary judgment is not appropriate in this case.

In Northwestern National Casualty Company v. Phalen (1979), 182 Mont. 448, 597 P.2d 720, this Court was presented with a similar issue involving the same type of exclusion. In Phalen a man was also involved in an altercation with another. William Phalen followed Thu Duc Vo out of a bar. He placed his arm around Vo and Vo's female companion. Some verbal disagreement followed and he struck Vo who then ran and was tripped by another. Vo fell to the pavement and suffered substantial injuries. Criminal and civil actions followed and Phalen's insurer brought action seeking declaratory judgment that it was not obligated to defend or pay. It moved for summary judgment which was granted by the District Court on the basis of policy exclusion.

In Phalen, this Court held that the applicability of coverage could not be determined until the factual issues concerning the intention and expectation of Phalen as to Vo's injuries was decided in the separate tort action. We held that granting summary judgment was therefore improper. Phalen, 597 P.2d at 728. In Phalen, there was a significant factual question whether Phalen, after hitting and chasing Vo, intended or expected that Vo would be tripped by another and be crashed to the pavement on his face. See, Phalen 597 P.2d at 726 and 727.

In the present case there is also a relevant factual dispute. Both parties agree that McGehee struck Rauker in the face and knocked him to the floor. Both parties agree that the blow or blows caused the injury. However, it is not clear that McGehee expected or intended the injuries that resulted.

The determinative matter in the present case is factual in nature. The true legal issue has already been decided in Phalen -- there is a factual distinction applicable in the questioned policy exclusion between intent to do an act and the expectation or intention that that act shall cause a specific injury from the standpoint of the insured.

This Court held in Phalen that an insurance policy stating that it will cover for occurrences, excluding those where injury is expected or intended, includes in coverage intentional acts as long as the resulting injury is neither expected nor intended from the insured's standpoint. Phalen, 597 P.2d at 724. In Phalen, we said that an insured would not be covered in those cases where deliberate acts or assaults resulted in injuries which would be expected or intended as a result of the act, but where deliberate acts lead to unexpected or unintended results coverage will exist. Phalen, 597 P.2d at 724.

The District Court in the instant case concluded that McGehee did not specifically intend the resulting injuries yet, at the same time, concluded that the harm inflicted was intended and expected from the standpoint of McGehee. The District Court excluded coverage.

As in Phalen, where it was clearly questionable whether Phalen expected or intended that Vo be tripped by another, the injuries suffered by Rauker also present a factual question of intent and expectation. A question of fact precludes summary judgment.

I would reverse and remand to the District Court for trial.

_____
                Justice

Mr. Justice John C. Sheehy:

I concur in the foregoing dissent of Mr. Justice Hunt.

_____
                Justice