No.  89-590

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

NEW HAMPSHIRE INSURANCE GROUP,

Plaintiff and Respondent,

-vs-

JAKE STRECKER,

Defendant,

and

K.S.,

Defendant and Appellant.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

James D. Walen, Keefer, Roybal, Hanson, Stacey &
Walen, Billings, Montana

For Respondent:

L.D. Nybo, Conklin, Nybo, LeVeque & Murphy, P.C.,
Great Falls, Montana

Submitted on Brief:  July 13, 1990

Decided:  September 13, 1990

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the Thirteenth Judicial District Court, Yellowstone County. Plaintiff New Hampshire Insurance Group (New Hampshire) brought suit, seeking a declaratory judgment that it did not owe a duty to defend or indemnify its insured, defendant Jake Strecker (Jake) in a civil action brought by co-defendant and appellant K.S. for sexual molestation. The District Court found in New Hampshire's favor on a motion for summary judgment. K.S. appeals from that order. We affirm.

The issue raised by appellant K.S. is:

Did the District Court err by granting New Hampshire's motion for summary judgment, thus precluding insurance coverage?

Jake sexually assaulted, molested and abused his daughter, K.S., for approximately ten years beginning when she was six years old. Jake testified by deposition that he did not intend to harm K.S. as a result of this continual sexual molestation. Jake was charged with and pled guilty to three counts of felony sexual assault. In January 1986, K.S. filed a civil action against Jake based on this sexual abuse seeking damages for economic losses, medical treatment, and emotional distress.

Jake tendered this lawsuit to his insurer, New Hampshire, to defend and indemnify in the event K.S. recovered. The two policies in effect were a farm-ranch comprehensive general liability umbrella policy for Strecker Farms, Inc., which also named Jake Strecker individually. The general liability policy provisions stated that the company will pay damages for bodily injury or property damage caused by an "occurrence." Occurrence is defined as "an <u>accident</u>, including continuous or repeated exposure to

2

conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (Emphasis added.) The general liability extension provides that insurance does not apply to "personal injury . . . arising out of willful violation of a penal statute or ordinance committed by or with the knowledge or consent of the insured." The commercial umbrella policy covers damages for personal injury caused by an occurrence which is neither "expected or intended from the standpoint of the insured." Personal injury includes assault and battery not committed by or at the direction of the insured unless preventing or eliminating danger to persons or property.

Based on these clear and unambiguous policy exclusions, New Hampshire declined to provide a defense in the underlying lawsuit or to indemnify Jake for any damages which might be recovered against him. New Hampshire filed a declaratory judgment action in the District Court seeking a determination that there was no insurance coverage for Jake under these policies for K.S.'s damages. New Hampshire moved for summary judgment pursuant to Rule 56, M.R.Civ.P. The motion was submitted to the District Court on a set of stipulated facts. The matter was fully briefed and argued by counsel for the parties. On August 18, 1989, the District Court entered its memorandum and order granting summary judgment in favor of New Hampshire. Judgment was entered accordingly from which K.S. now appeals.

"Occurrence" insurance policies clarify the concept of "accident" in order to preclude coverage for harm resulting from intentional acts. This definition of occurrence raises the issue of whether Jake's sexual molestation of K.S. was intentional,

3

rather than accidental, thus precluding coverage under Jake's insurance policy with New Hampshire. We agree with the District Court's finding that Jake intentionally molested K.S.

The issue raised on appeal is whether the District Court erred by granting New Hampshire's motion for summary judgment.

The standard of review is clear. Summary judgment is only proper under Rule 56(c), M.R.Civ.P., where the record discloses that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Mutual Service Cas. Ins. Co. v. McGehee (1985), 219 Mont. 304, 306, 711 P.2d 826, 827.

Under the undisputed facts of this case, as stipulated to by all parties, New Hampshire was entitled to summary judgment as a matter of law. The undisputed facts show the following:

(1) Jake admits that he sexually molested K.S. for nearly ten years. In the instant case there is no evidence to show that Jake did not intend to sexually molest his daughter for ten years. Such actions are not accidental. Furthermore, Jake was not suffering from any mental disability. Evidence of diminished mental capacity might preclude the insured from forming the requisite intent to harm. See, e.g., State Farm Fire & Casualty Co. v. Jenner (9th Cir. 1988), 856 F.2d 1359; Allstate Insurance Co. v. Gilbert (9th Cir. 1988), 852 F.2d 449; State Farm Fire & Casualty Co. v. Pickard (9th Cir. 1988), 849 F.2d 1220. Jake testified in his deposition that he knew he had a problem, that he needed help and that he might be harming K.S. Jake also pleaded guilty to three counts of felony sexual assault of a minor. This plea may be introduced in the subsequent civil action as an admission. Teitelbaum Furs, Inc. v. Dominion Insurance Co. (Cal. 1962), 375 P.2d 439, 441; cert.

4

denied, 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 130 (1963). In light of these considerations it would fly in the face of reason to hold that Jake did not intend to harm K.S. by continuing his course of conduct. We adopt the District Court's finding that Jake's actions were intentional.

(2) This sexual abuse caused injury to K.S.

(3) Jake's insurance policies with New Hampshire do <u>not</u> provide coverage for personal or bodily injury caused by intentional acts. This is not a question of contract interpretation. Courts have no authority to change a contract when its intent is clear. Courts may not disregard the express language of a contract. Lemley v. Bozeman Community Hotel Co. (1982), 200 Mont. 470, 651 P.2d 979. See also § 28-3-401, MCA.

The insurance policies here are plain and unambiguous. The general liability policy provisions preclude coverage for injury if either of two prongs are satisfied. The first prong is satisfied if the injury was <u>not</u> caused by an accident. The second prong is satisfied if the injury was either expected or intended from the standpoint of the insured. The District Court found that Jake's acts of sexual molestation were intentional and we adopt this finding. As such, the first prong of the general liability policy's exclusionary clause is satisfied and coverage is precluded.

Furthermore, along this same line of reasoning, we agree with the District Court's holding that neither the general liability extension nor the commercial umbrella policy provide coverage for harm resulting from sexual molestation. Both of these policies were clearly intended to deny coverage for intentional misconduct.

5

Neither Jake nor New Hampshire contemplated insurance coverage for sexual molestation. Jake cannot insulate himself under any of these policies since the undisputed facts show that Jake intended to sexually assault K.S. We hold that there are no questions of fact and as a matter of law, New Hampshire is entitled to judgment.

Jake's testimony by deposition raises a factual question regarding his subjective intent to <u>cause</u> K.S. harm. Appellant contends that the existence of this factual question precludes summary judgment. We disagree. In reaching our holding we do not focus on Jake's subjective intent to cause harm.

K.S. alleged theories of negligence in her underlying complaint, but these theories are necessarily based upon the numerous alleged acts of molestation which cannot be deemed negligent acts. Coverage is based upon the acts giving rise to the claims, not necessarily the language of the complaint. Burns v. Underwriters Adjusting Co. (1988), 234 Mont. 508, 510, 765 P.2d 712, 713. We affirm the District Court's summary judgment in favor of New Hampshire.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6