No. 92-022

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

AMERICAN STATES INSURANCE
COMPANY,

     Plaintiff and Respondent,

-vs-

SUSAN WILLOUGHBY, MARK T.
NIELSEN and JOHN GEERING,

     Defendants and Appellants.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

     For Appellants:

     James P. Healow, Sweeney & Healow, Billings, Montana

     For Respondent:

     Guy W. Rogers, Anderson, Brown, Gerbase, Cebull,
     Fulton, Harman & Ross, Billings, Montana

Submitted on Briefs:  June 11, 1992

Decided:  August 13, 1992

Filed:   AUG 13 1992

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Defendants appeal from the decision of the Thirteenth Judicial District, Yellowstone County, granting Plaintiff's motion for summary judgment and denying Defendant's motion for summary judgment. Plaintiff, American States, had requested a declaratory judgment stating that it did not have to indemnify or defend Defendant, Mark Neilsen, in two civil actions because the acts committed by Neilsen were not covered under his American States insurance policy. We affirm the District Court.

There are two issues on appeal:

I. Did the District Court err in granting summary judgment to Plaintiff because it ruled that Neilsen's actions were not covered under his American States policy?

II. Did the District Court err in concluding that Neilsen had the burden of proving the reasonableness of the settlements with Willoughby and Geering?

Mark Neilsen attended the automobile races at Yellowstone Belaro Speedway with his wife and friends. Sometime during the evening, security guards received a complaint about Neilsen's behavior. Shortly thereafter, two security guards, Susan Willoughby and John Geering, entered the area where Mark Neilsen and his party were sitting. Susan and John observed Mark Neilsen being disruptive and approached him to request that he quiet down but he refused to change his behavior.

A physical altercation followed between Neilsen and Willoughby

2

when Neilsen pushed or fell on Willoughby and they both fell to the ground. John Geering approached the two on the ground and attempted to assist Susan. Eventually, Mark Neilsen's wife, Joe Gonzales, the security guard supervisor, and a friend of Mark's joined the melee. Ultimately, Mark was restrained and taken under the grandstand where he created another disturbance, tussling with Deputy Sheriff Ellis and damaging a police vehicle before he was subdued and placed inside the vehicle.

Susan Willoughby and John Geering sustained injuries during the altercation and both went to the hospital following the incident. Willoughby complained of a sore back, sore leg, and swelling and a cut on her leg while John Geering was treated for three bites from Neilsen sustained during the scuffle. Neither party required hospitalization although Ms. Willoughby obtained a prescription.

Criminal charges against Mark Neilsen followed the incident. Mr. Neilsen was charged with three counts of misdemeanor assault against Susan Willoughby, John Geering and Deputy Sheriff Ellis. Mr. Neilsen pled guilty to these charges as well as to one count of criminal mischief for damage to the police vehicle.

Susan Willoughby and John Geering filed actions against Mark Neilsen for damages incurred during the incident at the Speedway and Neilsen sought indemnification from his insurance company. Neilsen's insurance policy with American States provided that it would:

pay up to our limit of liability for the damages...and provide a defense at our expense...if...a suit is brought against an _insured_ for damages because of _personal injury_...caused by an _occurrence_ to which this coverage applies....

The exclusion provision of the policy states that coverage does not apply to _bodily injury_...which is _expected or intended by the insured_. In addition, this provision states that the exclusion "does not apply to an act committed by or at the direction of the _insured_ not intended to cause serious _bodily injury_....(Emphasis original.)

The word "occurrence" in the policy means an accident, including exposure to conditions, which results, during the policy period, in...personal injury. "[P]ersonal injury" means bodily injury....

A procedural history of two underlying cases will clarify the present case. On May 9, 1989, Defendant Susan Willoughby filed an action against Mark Neilsen for personal damages for assault and battery. The complaint was later amended to include a count of negligence. Neilsen tendered the defense of this action to American States requesting that it provide a defense and indemnification of any damages awarded in the Willoughby action. American States offered to provide a defense for Mr. Neilsen under a reservation of rights.

Subsequent to this arrangement, Neilsen entered into a settlement with Susan Willoughby for $25,500 without the knowledge or consent of American States. Neilsen assigned his rights under

4

the policy to Susan Willoughby in satisfaction of the settlement agreement.

John Geering filed his action against Mark Neilsen on May 29, 1991. Virtually the same sequence of events followed in this action and ultimately, Neilsen entered into a similar settlement agreement with Geering, assigning his rights under his insurance policy without American State's knowledge or consent.

American States filed the present action for a declaratory judgment that it did not have to indemnify or defend Neilsen in either of these actions. The District Court granted summary judgment to American States.

Summary judgment is only proper under Rule 56(c), M.R.Civ.P., where the record discloses that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. New Hampshire Ins. Group v. Strecker, (1990), 244 Mont. 478, 480, 798 P.2d 130, 131.

I.

Did the District Court err in granting summary judgment to Plaintiff because it ruled that Neilsen's actions were not covered under his American States policy?

American States contended that Neilsen's actions were intentional acts and thus excluded from coverage under his insurance policy. If the company was liable for his actions, then American States argued that the settlement agreements were unreasonably high and that Neilsen had the burden to prove they

5

were reasonable.

However, the Defendants contended that Neilsen's actions resulted in unintended injuries and were therefore accidental. They argued that accidental injuries fell within the coverage of the insurance policy and the exclusion provision in the policy was not applicable.

The District Court concluded in its opinion that "Neilsen's actions against Willoughby and Geering were deliberate....Thus, Nielsen's American States Insurance policy does not cover the acts he committed against Willoughby and Geering." Judge Speare also stated that whether Neilsen intended to seriously injure Willoughby and Geering was a question of fact to be decided by a jury. However, since he found that the insurance policy did not cover Neilsen's actions against Willoughby and Geering, there was no need to bring this issue to the jury. Finally, he concluded that Neilsen had the burden of proof to show that the settlements with Willoughby and Geering were reasonable.

The court reviewed deposition testimony from Willoughby, Geering, and witnesses Sheryl Wetsch and Michelle McKinney, that Neilsen refused to cooperate with the security guards and entangled several people in a physical altercation. These witnesses reported his kicking, hitting and biting people who were attempting to restrain him, including Willoughby and Geering. Evidence that Mr. Neilsen pled guilty to three counts of misdemeanor assault gave additional support to the District Court's conclusion that

6

Neilsen's acts were intentional and not accidental. Strecker at 480-481, 798 P.2d at 131.

Actions such as biting, kicking and hitting are similar to those involved in Mutual Service Cas. Ins. Co. v. McGehee, (1985), 219 Mont. 304, 711 P.2d 826, wherein Mr. McGehee struck a coworker in the face twice and the victim sought damages for his injury. Mr. McGehee attempted to have Mutual Service indemnify him under his insurance policy but the company said his actions precluded recovery and they brought suit for a declaratory judgment of the parties' rights. The court granted Mutual Services's motion for summary judgment stating that the company would not have to indemnify McGehee.

On appeal, Mr. McGehee contended that the court could not grant summary judgment to the insurer because there was a factual question regarding whether he intended the specific injuries sustained by the victim. In denying insurance coverage in that instance, the Court stated:

> [T]he act of striking another in the face is one which we recognize as an act so certain to cause a particular kind of harm that we can say a person who performed the act intended the resulting harm, and his statement to the contrary does nothing to refute that rule of law. (Citations omitted.)

McGehee at 307, 711 P.2d at 828. See also, Transamerica Ins. Group v. Meere, (Ariz. 1984), 694 P.2d 181.

The course of conduct pursued by Mr. Neilsen included acts such as hitting, biting and kicking directed toward those who were

7

trying to restrain him. We agree that such acts are similar to the blows struck by Mr. McGehee and are certain to cause harm of some kind, and can cause _serious_ injury. These types of action are per se intentional and the intent to seriously injure is evident from the commission and type or nature of the act itself.

Such actions cannot be the basis for policy coverage without vitiating the purpose of insurance. "[I]f a single insured is allowed through intentional or reckless acts to _consciously_ control risks covered by policy, _the central concept of insurance is violated._" (Emphasis original.) _TransAmerica_ at 186. The exclusion clause, excluding acts which are not "accidental" developed to ensure that in standard insurance policies, insurance companies would pay damages for "accidents" only.

We determined the applicability of this exclusion clause under general liability insurance policies by using a two-pronged test in _Strecker_. _Strecker_ at 481, 798 P.2d at 132. If either prong of this test is satisfied, the acts at issue fall within the exclusion provision and are not covered under the policy. "The first prong is satisfied if the injury was _not_ caused by an accident. The second prong is satisfied if the injury was either expected or intended from the standpoint of the insured." Emphasis original. _Strecker_ at 481, 798 P.2d at 132.

In _Strecker_, a father attempted to invoke his insurance policy's coverage when his daughter filed a civil action against him because he had sexually molested her for 10 years. We

8

concluded that such conduct was intentional and the intent to injure was present regardless of protestations to the contrary. The exclusion clause applied and coverage was precluded.

If we apply the Strecker test to our conclusion that Neilsen's acts were intentional and evince an intent to injure by their very nature, both prongs of the test are satisfied. Therefore, the exclusion clause applies and coverage is precluded under Neilsen's American States insurance policy. Summary judgment was properly granted.

## II.

Did the District Court err in concluding that Neilsen had the burden of proving the reasonableness of the settlements with Willoughby and Geering?

By reason of our above coverage decision, this issue is moot. AFFIRMED.

_____
                    Justice

We Concur:

_____

_____

_____

_____
          Justices

9

August 13, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

James P. Healow
SWEENEY & HEALOW
1250 15th Street West, Ste. 202
Billings, MT 59102

Guy W. Rogers
BROWN, GERBASE, CEBULL, FULTON, HARMAN & ROSS, P.C.
P. O. Box 849
Billings, MT 59103-0849

JAMES EDMISTON, III
Attorney at Law
P. O. Box 7187
Billings, MT 59103-7187

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy