No.    93-454

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

DAVID SMITH,

          Plaintiff and Appellant,

     v.

STATE FARM INSURANCE COMPANIES,
a non-resident corporation,

          Defendant and Respondent.

FILED

MAR 1 0 1994

*El Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                In and for the County of Rosebud,
                The Honorable Dale Cox, Judge presiding.


COUNSEL OF RECORD:

          For Appellant:

               John Houtz, Attorney at Law,
               Forsyth, Montana

          For Respondent:

               K. Kent Koolen, Moulton, Bellingham,
               Longo & Mather, Billings, Montana


                    Submitted on Briefs:  December 22, 1992

                              Decided:  March 10, 1994

Filed:

_____
                    Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

David Smith appeals from the Sixteenth Judicial District Court, Rosebud County, Montana, granting summary judgment to respondent State Farm Insurance Companies, finding that State Farm properly denied insurance coverage for injuries caused by Smith because his conduct was an intentional act which the policy excluded.

We affirm.

We restate the issue as follows:

Did the District Court err in granting summary judgment to State Farm when it found that Smith's assault upon Charmaine Kinsey, which he has no memory of, was an intentional assault, thus precluding insurance coverage?

On September 30, 1990, Smith hired Charmaine Kinsey to baby-sit his daughter. During an argument between Kinsey and Smith, he hit Kinsey in the face with his fist, knocking her tooth out, and cutting his knuckle by the blow. Smith contends that Kinsey first hit him on the head with an unknown object, rendering him momentarily unconscious, whereupon he hit her in response or in a reflex action. Criminal charges were instituted against him, and on May 20, 1991, he entered into a plea bargain, agreeing to plead guilty to assault, a misdemeanor, believing he would be found guilty. During court proceedings on May 28, 1991, Smith pled guilty to misdemeanor assault, while maintaining that he was unconscious during the act. However, the court questioned Smith concerning his guilty plea, and Smith acknowledged that he knew

2

that he hit her and it was wrong to do so. Judgment was subsequently entered with his sentence conditioned upon his payment of Kinsey's medical expenses.

Smith did not pay Kinsey's medical expenses, and on July 19, 1991, Kinsey brought a civil action to recover damages sustained as a result of her injuries. Smith submitted the defense of the suit to his homeowner's insurance carrier, State Farm. In response to State Farm's request for admission, Smith admitted that "Charmaine Kinsey was injured as a result of Plaintiff [Smith] striking her in the face with his fist." State Farm denied coverage referring to the policy's exclusion for any "bodily injury which is either expected or intended by an insured; or . . . which is the result of willful and malicious acts of an insured." Smith settled the case rather than go to trial.

On October 1, 1992, Smith filed a complaint in District Court against State Farm for breach of contract and for violations of the Unfair Claims Settlement Practices Act under §§ 33-18-201(1), (4) and (6) and -242, MCA. Smith requested recovery for Kinsey's medical expenses, damages for costs incurred by State Farm's refusal to cover the claim, and punitive damages. The District Court granted summary judgment to State Farm, finding that Smith's conduct was an intentional act which was excluded by the insurance policy. Smith appeals.

Did the District Court err in granting summary judgment to State Farm when it found that Smith's assault upon Charmaine

3

Kinsey, which he has no memory of, was an intentional assault, thus precluding insurance coverage?

Summary judgment is properly granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. If the movant meets this burden, then the burden shifts to the non-moving party to demonstrate a genuine issue of material fact. Thelen v. City of Billings (1989), 238 Mont. 82, 776 P.2d 520. "Mere denial or speculation will not suffice, the non-moving party must show facts sufficient to raise a genuine issue." Thelen, 776 P.2d at 522 (quoting Gamble Robinson Co. v. Carousel Properties (1984), 212 Mont. 305, 312, 688 P.2d 283, 287). If no material facts are at issue, then the court determines whether the moving party is entitled to judgment as a matter of law. Lindey's, Inc. v. Professional Consultants, Inc. (1990), 244 Mont. 238, 797 P.2d 920.

Smith argues that the District Court erred when it found that his conduct was an intentional act. He argues that he was unconscious when he hit Kinsey with his fist, and the act was an accidental reflex to her initial assault upon him; therefore, the court improperly granted summary judgment because factual questions existed for a jury to decide as to whether Smith intentionally hit Kinsey.

We disagree.

Before granting summary judgment, the District Court considered whether factual questions were present. The court noted that Smith pled guilty to misdemeanor assault charges, stating to

4

the court "I know that I hit her and it was wrong." The court also considered Smith's response to State Farm's request for admission where he admitted "that Charmaine Kinsey was injured as a result of Plaintiff [Smith] striking her in the face with his fist." Upon these facts, the court found evidence that Smith intentionally injured Kinsey.

Striking another person in the face is an intentional act because of the certainty of causing harm, and any argument stating the opposite does not change this rule. American States Ins. Co. v. Willoughby (1992), 254 Mont. 218, 222, 836 P.2d 37, 40 (citing Mutual Service Cas. Ins. Co. v. McGehee (1985), 219 Mont. 304, 307, 711 P.2d 826, 828). In McGehee, the insured struck a person in the face, breaking his cheek bone. The insured argued that the injury was unintentional because he intended only to "shut him up." This Court held that the act was intentional because where a person aggressively and intentionally strikes another, it is irrelevant that a different injury in character or magnitude resulted than what he intended. McGehee, 711 P.2d at 828. Similarly, in Willoughby, during an altercation where security officers were attempting to restrain an insured, the insured bit, kicked, and hit the security officers, and pushed or fell on one of the officers, causing injuries to the officers. The insured argued that his actions were accidental, therefore, the insurance exclusionary provision was not applicable. This Court stated that biting, kicking, and hitting are actions similar to the intentional acts in McGehee; also, because the insured pled guilty to misdemeanor

5

assault, additional support was present to prove that the acts were intentional, precluding insurance recovery. Willoughby, 836 P.2d at 40. Similarly, in the present case, Smith hit Kinsey in the face with his fist and also pled guilty to misdemeanor assault.

Smith argues that neither McGehee nor Willoughby apply in this case because neither case involved facts where the insured claimed to be unconscious during the offending act. We note that in Northwestern Nat'l Cas. Co. v. Phalen (1979), 182 Mont. 448, 597 P.2d 720, the insured hit a man who then ran from him and was tripped by another person, causing him to crash on the pavement on his face. This Court stated that summary judgment would be improper where questions remained as to whether the injuries were inflicted by the insured when he hit the man, or whether the insured intended or expected that the man would be injured by an intervening cause of being tripped by an independent party. Phalen, 597 P.2d at 726-27. In the present case, no questions of causation are present, and Smith admits that he caused Kinsey's injury because he was the only other person present when she was injured.

The applicability of an exclusion clause for intentional acts is analyzed by using a two-pronged test in New Hampshire Insurance Group v. Strecker (1990), 244 Mont. 478, 481, 798 P.2d 130, 132. If either prong is satisfied, the acts fall within the exclusions and preclude recovery. Willoughby, 836 P.2d at 40. "The first prong is satisfied if the injury was *not* caused by an accident. The second prong is satisfied if the injury was either expected or

6

intended from the standpoint of the insured." <u>Strecker</u>, 798 P.2d at 132. In <u>Willoughby</u>, this Court held that both prongs of the test were met because the insured's acts "evince an intent to injure by their very nature." <u>Willoughby</u> 836 P.2d at 41. In <u>Strecker</u>, this Court held that when the insured sexually molested his daughter it was an intentional act, and intent to injure was present, regardless of protests to the contrary. <u>Strecker</u>, 798 P.2d at 132. Likewise, Smith's conduct of hitting Kinsey with his fist, by its nature, evinces an intent to injure, regardless of his protests to the contrary.

We agree with the District Court's finding that:

> Even taken as true, the fact that Plaintiff Smith does not remember striking Kinsey does not render the act accidental, any more than claiming not to remember committing a sexual assault would somehow render that assault accidental.

Public policy forbids indemnifying willful wrongdoing and there is no insurance coverage for striking someone in the face. <u>McGehee</u>, 711 P.2d at 828. Because State Farm properly denied coverage, its conduct was not bad faith, nor did the conduct violate the Montana statute. We hold that the District Court did not err in granting summary judgment to State Farm when it found that Smith's assault upon Charmaine Kinsey was an intentional assault that precluded insurance coverage.

Affirmed.

_____
Justice

7

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8

March 10, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

JOHN HOUTZ
Attorney at Law
P.O. Box 1230
Forsyth, MT 59327

K. Kent Koolen
MOULTON, BELLINGHAM, LONGO & MATHER, P.C.
P.O. Box 2559
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy