**Barbara KINNIBURGH, Personal Representative of the Estate of James M. Kinniburgh, Plaintiff,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, a stock insurance company, Defendants.**

**No. CV 00–103–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

Sept. 28, 2001.

David L. Astle, Astle & Astle, Kalispell, MT, for Plaintiff.

Robert J. Phillips, John E. Bohyer, Tammy Wyatt-Shaw, Phillips & Bohyer, Missoula, MT, for Defendants.

## ORDER

MOLLOY, Chief Judge.

■ United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation in this matter on May 3, 2001. No party objected. This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir.1981).

Plaintiff's decedent, James Kinniburgh, died on July 23, 1999, while attempting to extinguish a fire at the home of his neighbors, Defendant Safeco's insureds, Percival and Anita Fine. He died, not in the fire and not as a result of asphyxiation by smoke or carbon monoxide, but of heart failure from "the physical exertion and emotional duress experienced in fighting the fire which destroyed the Fines' home." Def. Statement of Uncontroverted Facts at 5–6, ¶ 18; *see also id.* Ex. H (Certificate of Death).

Investigation of the fire showed that Percival intentionally set the fire to kill both himself and his wife. Before he set the fire, Percival allegedly awakened the caretaker and asked her to leave the premises. Pl.Br. in Opposition to Summary Judgment at 2; *see also* Def. Statement of Uncontroverted Facts, Ex. E at 4 (Sheriff's Incident Report). There is no indication that Anita Fine was aware that her husband intended to set the fire. The coroner ruled Anita's and Kinniburgh's deaths homicides at the hands of Percival Fine.

The Estates of Percival and Anita Fine filed this action against Safeco in state court, seeking declaratory judgment as to Safeco's duties to defend and to indemnify. Safeco removed to this Court on June 14, 2000. The Estates later assigned their claims to Barbara Kinniburgh as Personal Representative of James Kinniburgh's Estate. *See* Def. Statement of Uncontroverted Facts, Ex. I, at 2. Kinniburgh agreed to pursue her claims only against the Estate of Percival J. Fine. *Id.* Judge Erickson then ordered Barbara Kinniburgh, as the real party in interest, to be substituted for the Fine Estates.

Plaintiff requests declaratory judgment that the Fines' insurance policy with Safeco covers James Kinniburgh's injuries. Safeco moved for summary judgment on September 28, 2000, on the grounds that its policy with the Fines precludes recovery for willful, illegal acts of the insured. There is considerable evidence in the record that the fire was deliberately set. There is no evidence, only a suggestion by Plaintiff's counsel, that the fire arose through negligence or accident.

The Fines' policy precludes coverage for "injury arising out of any illegal act committed by or at the direction of any insured." *See* Certified Copy of Policy (dkt # 18) at 20, ¶ 2(b)(2)(b). The policy extends coverage to "occurrences" that result in bodily injury; an "occurrence" is defined as an "accident." *Id.* at 21, ¶ 7. Following the two-pronged analysis in *New Hampshire Ins. Group v. Strecker,* 244 Mont. 478, 798 P.2d 130 (Mont.1990), Safeco argues, first, that Percival Fine's act of arson was not an "occurrence" because there is no evidence that the fire might have been an accident. *Compare Safeco Ins. Co. v. Liss,* 303 Mont. 519, 16 P.3d 399, 2000 MT 380 (2000) (some evidence supported insured's contention that shooting was accidental). Safeco also argues, second, that Kinniburgh's injury arose out of Percival Fine's illegal, unexcused arson. *Compare Safeco Ins. Co. v. Tunkle,* 997 F.Supp. 1356 (D.Mont.1998)

(finding coverage for deliberate shooting in self-defense).[1]

■ Judge Erickson recommended granting Safeco's motion for summary judgment because all the evidence supports the contention that Percival intentionally set the fire. He found that Kinniburgh's death from heart failure was neither an accident nor an unexpected or unintended result of the fire from Percival's standpoint.

I disagree that Kinniburgh's death necessarily "arose out of" the fire itself. A jury might well find that it did. But a reasonable jury might also find that Percival Fine took certain precautions to limit the prospect of harm to third persons, that he was negligent in failing to do so with respect to his neighbors, and that this negligence was the cause of Kinniburgh's death.

The evidentiary foundation of this possibility is plainly stated in the police reports and in Plaintiff's brief opposing summary judgment. Percival Fine woke the caretaker and asked her to leave. A reasonable jury might find that this act demonstrated Percival's intent and effort *not* to harm third parties.

Additionally, the police reports indicate that the fire probably burned for some time before the fire was apparent and Barbara Kinniburgh called the Fire Department. Barbara reported that she thought she smelled smoke as early as 11:50 p.m. She and James went to bed at about 12:50. She called 911 two hours later, at 2:49 a.m. *See* Def. Statement of Uncontroverted Facts, Ex. C at 4 (Coroner's Report). A reasonable jury might find that Percival started the fire at an hour when he thought no one would be about and that he intended to conceal the fire until it was well past the point where fighting it would be effective. A reasonable jury might find that he intended to prevent heroic intervention like that undertaken by James Kinniburgh.

■ If these possibilities were Percival's intent—i.e., if he took objectively recognizable steps to avoid results that were objectively possible—then a reasonable jury might consider Kinniburgh's death accidental, an unforeseen, unexpected, and unintentional consequence of Percival Fine's act of arson, suicide, and murder. "[I]ntentional acts are not excluded under an insurance policy unless the intentional act results in injuries which would be expected or intended. A person may act intentionally without intending or expecting the consequences of that act." *Millers Mut. Ins. Co. v. Strainer,* 204 Mont. 162, 167, 663 P.2d 338, 341 (Mont.1983) (citing *Northwestern Nat'l Cas. Co. v. Phalen,* 182 Mont. 448, 597 P.2d 720 (Mont.1979)).

These factual questions distinguish this case from those analyzed by Judge Erickson. In none of those cases did the insured make any attempt to limit the effects of his intentional acts on the eventual claimant. *See American States Ins. Co. v. Willoughby,* 254 Mont. 218, 836 P.2d 37 (1992) (insured struck claimant), *New*

1. *Tunkle* interpreted identical Safeco policy provisions. *See* 997 F.Supp. at 1357–58. There, I found that Safeco's tautological definition of "occurrence" was ambiguous—an occurrence is an accident, and an accident is an occurrence. *See id.* at 1357. I concluded that the term does not necessarily exclude all deliberate acts. An "occurrence" or "accident" indicates a "lack of intention or necessity, often opposed to design," "an unforeseen or unplanned event," a "sudden event or change occurring without intent or volition ... and producing an unfortunate result." *Id.* (quoting Webster's Third New International Dictionary). Similarly, even an intentional act may be covered by Safeco's policy if the consequences of the intentional act are neither expected nor intended by the insured. *Id.* at 1358. These interpretations of the policy terms inform the following discussion.

*Hampshire Ins. Group v. Strecker,* 244 Mont. 478, 798 P.2d 130 (1990) (insured sexually molested claimant), *Mutual Serv. Cas. In. Co. v. McGehee,* 219 Mont. 304, 711 P.2d 826 (1985) (insured punched claimant "to shut him up"), *Transamerica Ins. Co. v. Cannon–Lowden Co.,* 400 F.Supp. 817 (D.Mont.1975) (insured committed suicide by driving truck into oncoming traffic and struck claimant's vehicle), *Northwestern Nat'l Cas. Co. v. Phalen,* 182 Mont. 448, 597 P.2d 720 (1979) (insured hit claimant and then chased him but claimant's injury was ultimately caused by someone tripping him as he ran from insured); *Safeco Ins. Co. v. Liss,* 303 Mont. 519, 16 P.3d 399, 2000 MT 380 (2000) (insured's shooting of claimant might have been unintentional but insured did not try to avoid shooting claimant).

With the exception of *Liss,* which involved an act that could have been either intentional or accidental, each of these cases involved an intentional act directed by the insured toward the claimant (*Willoughby, Strecker, McGehee, Phalen*) or the claimant's property (*Transamerica* ). The insured's or claimant's argument in those cases was that the act was intended but the actual consequences were not. None of these cases feature an equivalent to Percival Fine's waking of the caretaker or to the late hour of the fire.

Judge Erickson was properly concerned that the insured's subjective intent should not control the scope of coverage. Yet the evidence in this case does not create such a problem. Plaintiff's case will stand or fall with her ability to prove that Percival Fine attempted to prevent injury to third parties.

Nor do the outstanding factual issues make this into a case of an insured being protected from the consequences of his illegal acts. There is no contention that Percival's or Anita's estate should be compensated for the value of their home. Percival's act toward the house was arson. His act toward his wife, Anita, was murder. Percival made no attempt to limit the effects of his acts with respect to his property or to the life of Anita. The cases analyzed by Judge Erickson clearly preclude recovery by Anita's estate.[2] But if Percival attempted to limit any potential effect of his actions on someone like James Kinniburgh, his omissions might be more akin to negligence than to an intentional tort or crime. The Court cannot say, as a matter of law, that Kinniburgh's intervention was expected or intended.

Safeco's motion requires the Court to ignore Percival's warning to the caretaker and the late hour of the fire's setting. Because there are outstanding factual issues as to whether Kinniburgh's intervention was an objectively expected or intended result of Percival Fine's act of arson or whether there was an "occurrence," summary judgment is precluded.

Accordingly, IT IS HEREBY ORDERED that Defendant Safeco's motion for summary judgment (dkt # 9) is DENIED.

IT IS FURTHER ORDERED that the referral of this case to United States Magistrate Judge Leif B. Erickson is RENEWED for all pretrial proceedings and

---

2. *See, e.g., Willoughby,* 254 Mont. at 222, 836 P.2d at 40 ("We agree that such acts [as 'hitting, biting and kicking *directed toward* those who were trying to restrain the insured'] ... are certain to cause harm of some kind, and can cause serious injury. These types of action are per se intentional and the intent to seriously injure is evident from the commission and type or nature of the act itself.") (emphasis added) (citing *McGehee,* 219 Mont. at 307, 711 P.2d at 828).

for Findings and Recommendations as to dispositive motions.