

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN RELIABLE INSURANCE COMPANY, | No. 18-35758 |
| Plaintiff-Appellant, | D.C. No. 9:17-cv-00004-DLC |
| v. | |
| LAWRENCE LOCKARD; KAREN JANE NELSON, | MEMORANDUM* |
| Defendants-Appellees. | |
| AMERICAN RELIABLE INSURANCE COMPANY, | No. 18-35786 |
| Plaintiff-Appellee, | D.C. No. 9:17-cv-00004-DLC |
| v. | |
| LAWRENCE LOCKARD, | |
| Defendant, | |
| and | |
| KAREN JANE NELSON, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted October 23, 2019
Portland, Oregon

Before:  FARRIS, BEA, and CHRISTEN, Circuit Judges.

American Reliable Insurance Company and Karen Nelson cross-appeal the district court's judgment that American Reliable owed coverage to Lawrence Lockard for one of five incidents related to Lockard's sexual assault against Nelson.  American Reliable appeals the finding of coverage for Lockard's statements to Wade Fredenberg, and Nelson appeals the denial of coverage for the assault itself.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.  Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

1.      The district court erred by concluding that American Reliable owed coverage to Lockard for damages caused by his instructions to Fredenberg, which were to tell U.S. Fish & Wildlife Service (USFWS) colleagues at the annual American Fisheries Society meeting that the encounter between Lockard and Nelson was consensual.  We agree with the district court that Lockard's statements

2

were intentional acts, but the district court erred by concluding that the consequences of those statements were "objectively unintended and unexpected by Lockard." We review de novo conclusions of law after a bench trial. *Democratic Nat'l Comm. v. Reagan*, 904 F.3d 686, 701 (9th Cir. 2018).

By June 2016, when Lockard instructed Fredenberg to tell their colleagues "his side of the story," a reasonable person in his position would be well aware of the harm that he had already caused Nelson. The district court found that Lockard had been told to stay away from her at work immediately following the incident, and he retired from USFWS shortly thereafter. Further, Lockard was criminally indicted in November 2015, and it is undisputed that he wrote an unprompted apology letter to Nelson in January 2016, pleaded guilty to criminal abusive sexual contact in February, and was sentenced to six months in prison in May. Nelson and her husband, both of whom continued to work for USFWS, spoke at the sentencing hearing about the impact of the assault. After all that, any reasonable person in Lockard's position could expect that Nelson would be harmed by instructing Fredenberg to tell Lockard's former colleagues—who were also Nelson's current colleagues—that the encounter was consensual. Because the harm was objectively expected, Lockard's statements to Fredenberg were not an "occurrence" covered by his insurance policy. *See Emp'rs Mut. Cas. Co. v. Fisher*

*Builders, Inc.*, 371 P.3d 375, 380 (Mont. 2016) ("[P]olicy language defining 'accidents' may include intentional acts if the damages were not objectively intended or expected by the insured.").

2.      We affirm the district's conclusion that the sexual assault was not an "occurrence" under the insurance policy, and therefore not covered.  In Montana, "[t]he interpretation of an insurance contract presents a question of law," *Landa v. Assurance Co.*, 307 P.3d 284 (Mont. 2013), which we review de novo.  The district court correctly determined that the sexual contact was an intentional act, but the court misconstrued the Montana Supreme Court's decision in *New Hampshire Insurance Group v. Strecker*, 798 P.2d 130, 132 (Mont. 1990).  *Strecker* does not stand for the proposition that intentional touching of a sexual nature is never an occurrence.  To the contrary, *Strecker* involved a wholly distinguishable set of facts, involving a man who sexually abused his daughter for ten years.  The court concluded that, on those facts, and in light of the defendant's guilty plea, "it would fly in the face of reason to hold that [he] did not intend to harm [his daughter] by continuing his course of conduct." *Id.* at 131–32.  Notably, *Strecker* was decided long before *Fisher*, which defined the relevant test for when an intentional act may be an "accident" and therefore an "occurrence" for purposes of insurance coverage.

4

The circumstances leading up to the sexual contact in this case were such that a reasonable person in Lockard's position could objectively expect his actions to cause Nelson harm. *See Fisher*, 371 P.3d at 379 ("[C]ourts are well equipped to determine objectively what injuries could reasonably be expected to result from an intentional act."). The district court made factual findings that Nelson and Lockard drank wine that evening, and that Lockard knew Nelson took Ambien, a prescription strength sleep medication, and went to sleep. The district court also found that "Lockard's first indication that his conduct was not consensual" was when Nelson jumped out of the bed. Notably, the district court did not find that Lockard believed he had Nelson's consent. Given the court's finding that Nelson had consumed both alcohol and Ambien, a reasonable person in Lockard's position could expect that proceeding without confirming Nelson's consent could cause her harm.[1] Because the harm was objectively expected, the district court correctly determined that Lockard's sexual contact with Nelson was not an "occurrence" for purposes of insurance coverage.

---

[1] Lockard pleaded guilty to 18 U.S.C. § 2244(b), which criminalizes knowingly engaging in sexual contact with another person without the other person's permission. *See United States v. Price*, 921 F.3d 777, 784 (9th Cir. 2019) (holding that § 2244(b) requires only proof that the defendant knowingly engaged in sexual contact, not that the defendant subjectively knew he or she lacked consent).

**AFFIRMED IN PART, REVERSED IN PART.**